Richard Stair, Jr., Knoxville, Tenn., for plaintiff.

Clinton R. Anderson, Morristown, Tenn., for defendant.

## In re MORRISTOWN LINCOLN–MERCURY, INC., Debtor.

### Richard STAIR, Jr., Trustee, Plaintiff,

v.

### UNITED SOUTHERN BANK, Defendant.

Bankruptcy No. 3–81–01889.

Adv. No. 3–83–0888.

United States Bankruptcy Court,
E.D. Tennessee.

July 31, 1984.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

Plaintiff trustee in bankruptcy seeks an order requiring the defendant United Southern Bank (Bank) to turn over all funds on deposit in a dealer reserve account, to wit, $13,953.68, together with interest which has accrued thereon subsequent to the entry of the order for relief on December 17, 1981.   11 U.S.C.A. § 542 (1979).   Denying that the trustee is entitled to a turnover order, the defendant Bank asserts it is entitled to set off the funds on deposit in the reserve account, pursuant to 11 U.S.C.A. § 553 (1979), against its claims totaling $19,954.28 owing by the debtor. The Bank also contends it has a security interest in the reserve account securing all obligations owed to it by the debtor.   Because the Bank has a setoff right which will exhaust the reserve account, it is not necessary to reach the question whether the Bank has a security interest in the disputed account.

## I

The facts are undisputed and have been stipulated. Morristown Lincoln-Mercury, Inc. filed a voluntary chapter 11 petition on December 17, 1981. On January 15, 1982, the debtor's case was converted to a case under chapter 7. Prior to bankruptcy the debtor operated an automobile dealership whose ordinary course of business included the lease and sale of new and used motor vehicles.

The defendant Bank has filed two claims, one in the amount of $107,021.66 and the second in the amount of $40,370.24. The Bank concedes that the larger claim, based on retail installment sale contracts of the debtor's customers purchased with recourse from the debtor, should no longer be considered.[1] The $40,370.24 claim is based upon two prepetition notes of the debtor to the Bank and the assignment of five retail installment contracts on vehicles the debtor purchased from itself.[2] Through liquidation of its security the Bank's claim has been reduced to $19,-954.28.

On December 18, 1975, the Bank established a reserve account for the debtor under the provisions of a "Repurchase Protection Agreement." This reserve account consists solely of funds representing deposits of a percentage of the purchase price for each retail installment sale contract purchased from the debtor by the Bank. It is a separate account for which statements were sent monthly to the debtor. The deposits in this account are general deposits which have been used by the Bank without restriction in its business operations. Under the terms of the reserve account agreement the debtor did not have access to funds in the account; only officers of the Bank could authorize withdrawals.

The "Repurchase Protection Agreement" recites in material part:

If you stop buying our paper, you may hold and apply all reserves until liquidation of all paper purchased from us is completed.

. . . .

In case we fail to purchase repossessed cars we will be responsible for any deficiency incurred by you in the resale of such repossessed cars . . . .

The Bank contends it is entitled to set off the $13,953.68 deposited in the reserve account when the debtor's petition was filed against its net claim of $19,954.28. In contradistinction, the trustee maintains setoff is not allowed because the debtor's indebtedness to the Bank was not fixed when the debtor's bankruptcy case was commenced.

## II

The court has previously considered, in a case involving identical issues, the trustee's argument and authority cited in support of his position. See *Stair v. Hamilton Bank of Morristown*, 42 B.R. 413, (Bankr.E.D. Tenn.1984), a copy of which is appended hereto. Hence, it is not necessary to readdress and distinguish the authority relied upon by the trustee. It is sufficient to note that the trustee's right to a turnover order under Code § 542 (b) is subject to the right of setoff. The Bank is entitled to relief from the automatic stay, 11 U.S.C.A. § 362(a) (Supp.1984) because it is entitled under Code § 553(a) to set off the funds in the reserve account against its claim, clearly based on claims which arose before the commencement of the case.[3]

---

1. According to the stipulation, the outstanding balance on the installment contracts has been reduced to $6,035.38, and it appears this claim will be paid by the installment purchasers.

2. The debtor customarily purchased vehicles from its own inventory to lease to its customers.

3. The Bank's net claim, $19,954.28, consists of the $14,272.63 balance due on a prepetition note

of the debtor to the Bank, dated April 30, 1981, and a $5,681.65 deficiency on five prepetition installment contracts, all guaranteed by the debtor, discounted to the Bank. Code § 553(a), with exceptions inapposite, explicitly allows the setoff of a claim arising prepetition against a prepetition debt where allowable under applicable nonbankruptcy law.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.